UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM BARRETT SLADE, II, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 5:18-cv-01776-KOB-JHE |
| WARDEN ESTES, et al., | ) ) ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On July 16, 2019, the magistrate judge entered a report and a recommendation that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner William Barrett Slade ("Slade") be dismissed as procedurally defaulted. (Doc. 16). Petitioner filed objections, (doc. 19), a motion for leave to submit supplementary material to his objections, (doc. 20), and a further supplement, (doc. 21). The court has considered the entire file in this action, together with the report and recommendation and the Petitioner's post-report filings, and has reached an independent conclusion that the report and recommendation is due to be rejected in part and adopted and approved in part. Ultimately, the court agrees that the petition is due to be dismissed.

**A. Ineffective Assistance of Counsel Claim**

Slade's first objection contends that the magistrate judge made a factual error in finding that Slade filed a *pro se* petition for a writ of certiorari in the Alabama Supreme Court regarding his Rule 32 petition. (Doc. 19 at 1-2) (citing doc. 16 at 4). The magistrate judge cited a document submitted "IN THE STATE OF ALABAMA SUPREME COURT" entitled "Petition for a Writ of Certiorari" on behalf of "Pro Se, WILLIAM BARRETT SLADE, II." (Doc. 16 at 4) (citing doc. 9-20). Respondents also contended this document was Slade's petition before the

Alabama Supreme Court. (*See* doc. 9 at 5). The magistrate judge relied on this *pro se* petition as the basis for concluding Slade's claim that his trial counsel rendered unconstitutionally ineffective assistance was unexhausted and procedurally defaulted, becasue the *pro se* petition failed to raise this claim. (Doc. 16 at 6-7) (citing doc. 9-20).

However, according to Slade, his *pro se* petition was rejected by the Alabama Supreme Court on October 5, 2018, in favor of a petition filed by his counsel. (Doc. 19 at 4). In support of this contention, Slade points to a letter from the Alabama Supreme Court (included along with his traverse) indicating that "we cannot accept an appellate filing from someone who is represented by an attorney on appeal" and stating that Slade's "defense attorney . . . filed a timely certiorari petition today on your behalf" which "will be submitted to the Court for decision." (Doc. 13 at 29). Slade has also attached his counsel's petition. (, which in fact includes an argument related to his trial counsel's ineffective performance. (*Id.* at 30-38). This petition appears to be the one to which the Alabama Supreme Court's no-opinion denial pertains. (Doc. 9-15 at 2). Accordingly, the magistrate judge's report and recommendation is mistaken (along with the State) in concluding that Slade did not fully exhaust his ineffective assistance of counsel claim and that it is procedurally defaulted for that reason. Slade's objection is SUSTAINED, and the report and recommendation is REJECTED as to that conclusion.

But, the fact that Slade's claim turns out to have been exhausted does not mean Slade has presented the court with a viable ineffective assistance of counsel claim. The magistrate judge alternatively found Slade's ineffective assistance of counsel claim meritless. (Doc. 16 at 7 n.4). Slade's contention, contained in his amended petition, asserts that his trial counsel rendered ineffective assistance "during the hearing on the new trial motion, respecting my newly discovered affidavit of the reliable testimony of the affiant of declaration of guilt by the state key

witness, and co-defendant Jessie Greene."[1] (Doc. 6 at 9). Specifically, Slade argues his trial counsel offered the witness's affidavit as impeachment evidence only, rather than as substantive evidence that the key witness was guilty of the murder for which Slade was convicted. (*Id.*).

The magistrate judge described the background behind this claim:

> During the hearing on Slade's motion for a new trial, witness Ashely Katina Bone testified to the alleged newly discovered evidence. (*See* doc. 9-9 at 197). Bone testified that she overheard Slade's co-defendant (who was also the State's primary witness at trial), Jessie Green,[2] say "[t]hat nigger is doing my time" and "those dumb-ass police . . . should have known that those were my things." (Doc. 9-9 at 200 – doc. 9-10 at 1, 3). Bone further testified that on a separate occasion she overheard Green say, "they had to get rid of [the gun]." (Doc. 9-10 at 4-5). On cross-examination, Bone testified when she overheard these statements, she did not know the context in which the statements were made. (*Id.* at 8-11).

(Doc. 16 at 1-2). Slade raised this claim in his Rule 32 petition, but the Rule 32 trial court dismissed this claim in part because "[t]he Petition is lacking in specificity under Ala. R. Crim. P. 32.6."[3] (Doc. 9-16 at 49). The Alabama Court of Criminal Appeals ("ACCA") upheld this finding:

> In Claim 2, Slade pleaded two instances of ineffective assistance of counsel. Neither satisfied the requirements of Rule 32.3 and Rule 32.6(b).
>
> To prevail on a claim of ineffective assistance of counsel, the petitioner must ultimately prove that (1) counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. Strickland v Washington,

---

[1] Slade's Rule 32 petition also contended his counsel was ineffective because he presented no witnesses, even though two persons—Robert Watkins and Jermaine Parker—"would have come forward as credible alibi witnesses," (doc. 9-16 at 16), but he does not raise that claim in this petition.

[2] The state court records are inconsistent as to the spelling of Green's last name. (*Compare* doc. 9-13 (Alabama Court of Criminal Appeal's opinion on Slade's direct appeal, spelling it "Greene") *with* doc. 9-19 (Alabama Court of Criminal Appeal's opinion on Slade's Rule 32 appeal, spelling it "Green")).

[3] That Rule provides: "Each claim in the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." ALA R. CRIM. P. 32.6(b).

3

466 U.S. 668 (1984). Slade failed to plead the full factual basis for his claims of ineffective assistance of counsel. This Court in Hyde v. State, 950 So. 2d 344, (Ala. Crim. App. 2006), explained:

> "The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So. 2d 724 (Ala. Crim. App. 2003). To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must 'identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' Strickland v. Washington, 466 U.S. 668 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' 466 U.S. at 694. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient."

950 So. 2d at 356.

To meet the specificity requirement contained in Rule 32.6(b), Ala. R. Crim. P., the petitioner must allege sufficient facts from which the circuit court, assuming those facts are true, can determine that the petitioner is entitled to relief. If the petitioner fails to allege any fact necessary to establish his entitlement to relief, then he has failed to meet his burden of full-fact pleading. Rule 32.7(d), Ala. R. Crim. P., provides for summary dismissal of a Rule 32 petition if, among other reasons, the petition "is not sufficiently specific," pursuant to Rule 32.6(b), Ala. R. Crim. P.

> "'Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So. 2d 364, 406 (Ala. Crim. App. 1999). In other words, it is not the pleading of a conclusion 'which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of facts in pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts."

4

> Boyd v. State, 913 So.2d 1113, 1125 (Ala. Crim. App. 2003).
>
> Slade's second allegation of ineffective assistance of counsel was that counsel failed to call Green as a witness and confront him with his statement made in the presence of Bone as substantive proof that he had murdered the murder victim.
>
> However, the statement related by Bone did not name a victim, and if sufficiently definite to be a declaration against his penal interest, it was mere hearsay. In the petition, Slade alleges that this statement would have been admissible as a statement against interest pursuant to Rule 804(b)(3), Ala. R. Evid. However, statements against a person's penal interest do not qualify as declarations against interest under that rule. See Flowers v. State, 586 So. 2d 986 (Ala. Crim. App. 1991), but see Ex parte Griffin, 790 So. 2d 351, 354 (Ala. 2000) (holding that in certain circumstances a defendant has a constitutional right to present a defense which may allow the presentation of hearsay evidence).
>
> In addition, Slade does not allege how it would be possible to require Green to testify that he was the murderer. His claim seems to assume that Green would have immediately confessed when confronted with Bone's testimony. This assumption is unwarranted. Therefore, this claim of ineffective assistance of counsel was not meritorious. The circuit court properly dismissed these two claims of ineffective assistance of counsel.

(Doc. 9-19 at 5-8). As stated above, the Alabama Supreme Court affirmed this decision with no opinion. (Doc. 9-15 at 2).

"A summary dismissal of a federal claim by Alabama courts for failure to comply with Rule 32.6(b) is . . . a ruling on the merits." *Borden v. Allen*, 646 F.3d 785, 813 (11th Cir. 2011). Therefore, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Slade can obtain relief only if he shows that the ACCA's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2); *see Williams v. Taylor*, 529 U.S. 362, 404, 120 S. Ct. 1495 (2000); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). For purposes of § 2254(d))(1), the statute limits the source from which "clearly established Federal law" can be

drawn to "holdings, as opposed to dicta, of the [Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see Warren v. Kyler*, 422 F.3d 132, 138 (3d Cir. 2005) ("[W]e do not consider those holdings as they exist today, but rather as they existed 'as of the time of the relevant state-court decision.'"); *Jones v. Jamrog*, 414 F.3d 585 (6th Cir. 2005); *Sevencan v. Herbert*, 342 F.3d 69 (2d Cir. 2003).

This standard of review is strict, and federal courts are required to give "greater deference to the determinations made by state courts than they were required to under the previous law." *Verser v. Nelson*, 980 F. Supp. 280, 284 (N.D. Ill. 1997) (quoting *Spreitzer v. Peters*, 114 F.3d 1435, 1441 (7th Cir. 1997)). A state court determination of an issue will be sustained under § 2254(d)(1) unless it is "contrary to" clearly established, controlling Supreme Court law or is an "unreasonable application" of that law.[4] These two different inquiries are not to be confused. The Supreme Court has explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404, 120 S. Ct. 1495 (2000) (emphasis added).

---

[4] In his supplement, Slade contends he is not required to satisfy this standard because Alabama state courts "regularly reject" the holdings of the United States Supreme Court. (Doc. 21 at 2). Although Slade purports to show an example of the Alabama Supreme Court rejecting the binding force of United States Supreme Court opinions—specifically, then-Chief-Justice Roy Moore's opinion in *Ex parte State ex rel. Alabama Policy Inst.*, 200 So. 3d 495 (Ala. 2015), which the court notes is a *concurring* opinion and not binding in reasoning or result on any Alabama court), (doc. 21 at 2-3)—Slade does not cite any authority to support that this court can bypass § 2254(d)(1).

A state court determination is "contrary to" clearly established law in either of two ways:

> First, a state-court decision is contrary to [Supreme Court] precedent if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law. Second, a state-court decision is also contrary to [Supreme] Court precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court].

*Id.* at 405.

Likewise, a state court determination can be an "unreasonable application" of clearly established law in two ways:

> First, a state-court decision involves an unreasonable application of [Supreme] Court[] precedent if the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [Supreme] Court[] precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 407; *see Putman v. Head*, 268 F.3d 1223 (11th Cir. 2001).

Whether the application is "reasonable" turns not on subjective factors, but on whether it was "objectively unreasonable." The question is not whether the state court "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect.

The Supreme Court explained that § 2254(d) requires that decisions by state courts "be given the benefit of the doubt," and noted that "[r]eadiness to attribute error is inconsistent with the presumption that state courts know how to follow the law." *Holland v. Jackson*, 542 U.S. 649, 124 S. Ct. 2736 (2004). Moreover, federal courts are not permitted to substitute their own judgment for the judgment of the state court. The Eleventh Circuit Court of Appeals has noted federal *habeas* relief is not available "simply because [the habeas] court concludes in its independent judgment that the state-court decision applied [the governing legal principle]

7

incorrectly." *Ventura v. Attorney Gen. of the State of Fla.*, 419 F.3d 1269, 1286 (11th Cir. 2005) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)). In *Woodford*, the Supreme Court stated that "[a]n unreasonable application of federal law is different than an incorrect application of federal law." 537 U.S. at 24-25. "Even clear error, standing alone, is not a ground for awarding *habeas* relief" under the "unreasonable application" standard of § 2254(d). *Stephens v. Hall*, 407 F.3d 1195, 1202 (11th Cir. 2005) (citing *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S. Ct. 1166 (2003)).

The ACCA located and applied controlling Supreme Court precedent—*Strickland*—to Slade's ineffective assistance of counsel claim. (*See* doc. 9-19 at 6). Viewing the record, Slade has not shown that the ACCA unreasonably applied *Strickland* or reached a result contrary to *Strickland*.

As to *Strickland's* performance prong, Slade has not shown that Bone's testimony was admissible as substantive evidence of Green's guilt in the first place. The ACCA correctly noted that Green's statements, as reported by Bone, were ambiguous as to the person "doing [Green's] time," (doc. 9-19 at 7); Bone only connected the statements to Slade by Googling Green's name and "put[ting] two and two together" that Green was referring to Slade, (doc. 9-10 at 8).

Even if the statements could be said to have referred to him, though, Slade did not show that they could pass through a hearsay exception. The ACCA noted that Alabama courts found statements against penal interest, such as the one Green allegedly made, are not declarations against interest under Ala. R. Evid. 804(b)(3), which was the basis Slade's Rule 32 counsel proposed, (*see* doc. 9-16 at 17). (Doc. 9-19 at 7) (citing *Flowers v. State*, 586 So. 2d 978, 986 (Ala. Crim. App. 1991)). The ACCA also cited *Ex parte Griffin*, 790 So. 2d 351, 354 (Ala. 2000), for the proposition that "in certain circumstances a defendant has a constitutional right to

present a defense which may allow the presentation of hearsay evidence." (Doc. 9-19 at 7). In *Griffin*, the Alabama Supreme Court discussed the circumstances under which evidence of a third party's guilt may be admissible even though it is hearsay. The court held hearsay evidence should be permitted only in those cases that . . . have a *probative* alternative theory of culpability and not an alternative theory that is merely speculative and meant only to confuse the jury." *Id.* at 355. The court noted that to be probative, the evidence must satisfy the first two elements of its three-part test for admitting evidence of third-party guilt: "(1) the evidence must relate to the res gestae of the crime; (2) the evidence must exclude the accused as a perpetrator of the offense; and (3) the evidence would have to be admissible if the third party was on trial." *Id.* at 354-55 (citations and internal quotation marks omitted). Slade does not argue that Bone's testimony can meet this test.

Slade offers no other hearsay exception that would apply. Because he has not shown Bone's testimony could have been admitted as substantive evidence of Green's guilt (and, therefore, Slade's innocence), Slade cannot satisfy *Strickland's* performance prong for his counsel's failure to have the evidence admitted for that purpose. *See, e.g., Travis v. Singletary*, 870 F. Supp. 325, 327 (M.D. Fla. 1994), *aff'd,* 89 F.3d 853 (11th Cir. 1996) (counsel's performance not unconstitutionally ineffective when counsel failed to secure witness testimony; testimony would have been inadmissible hearsay if offered); *O'Brien v. Sec'y*, No. 1:10-CV-00189-MP-GRJ, 2013 WL 5460578, at *10 (N.D. Fla. Sept. 27, 2013) (same).

To the extent that Slade argues his counsel was ineffective for failing to call Green as a witness at the hearing on his motion for a new trial (a component of the claim in his Rule 32 proceeding, (*see* doc. 9-16 at 17-18), but one that he does not obviously raise in this habeas petition, (*see* doc. 6 at 9-10)), "complaints of uncalled witnesses are not favored, because the

9

presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Miranda v. United States*, 433 F. App'x 866, 869 (11th Cir. 2011) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995)). "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citation omitted). Slade's Rule 32 rationale for his attorney's ineffectiveness for failing to call Green as a witness was simply that the evidence could have been admitted as a statement against interest under Ala. R. Evid. 804(b)(3) if he had done so. (Doc. 9-16 at 17). The court rejected the same rationale rejected above, but additionally, as the ACCA noted, "Slade does not allege how it would be possible to require Green to testify that he was the murderer." (Doc. 9-19 at 7). Rarely does the true guilty person stand up in court and confess, as often occurred in old Perry Mason shows.

For all the above reasons, the court agrees with the magistrate judge's report that Slade cannot establish his claim of ineffective assistance of counsel.

**B. Actual Innocence Claim**

Slade's final objection, argued in several different ways, asserts that the magistrate judge inappropriately found his actual innocence claim was unexhausted and thus procedurally defaulted. (Doc. 19 at 2, 12-21) (citing doc. 16-1 at 7). What the magistrate judge actually found was that actual innocence is not a viable stand alone habeas claim. (Doc. 16-1 at 5). This

finding comports with binding Supreme Court precedent. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been able to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Slade suggests the Supreme Court has potentially rendered "actual innocence" a standalone claim in *In re Davis*, 557 U.S. 952, 130 S. Ct. 1, 174 L. Ed. 2d 614 (2009). (Doc. 19 at 14-15). In support, he cites Justice Stevens' *concurring* opinion, which, apart from being nonbinding, relates to an original habeas petition in the Supreme Court. In *Davis*, Justice Stevens considered the fact that the district court to whom the original petition was transferred "may conclude that § 2254(d)(1) does not apply, or does not apply with the same rigidity, to an original habeas petition such as this." 557 U.S. 952. *See also Felker v. Turpin*, 518 U.S. 651, 663 (1996). Slade's petition is not an original habeas petition in the Supreme Court, and the AEDPA without doubt applies to Slade's claims.

Although Slade contends his arguably new evidence supports actual innocence, he cannot show an underlying constitutional violation. Accordingly, the court OVERRULES Slade's objection. The court also DENIES Slade's motion to submit new evidence, (doc. 20), which seeks to submit additional evidence to support his actual innocence claim.

**C. Conclusion**

The court REJECTS the magistrate judge's report and recommendation solely as to the conclusion that Slade's ineffective assistance of counsel claim is unexhausted and procedurally defaulted. For the reasons stated above, the court ADOPTS the report and recommendation's alternative conclusion that Slade's ineffective assistance of counsel is meritless. In all other respects, the court adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The court finds the Respondents' motion for

11

summary judgment is due to be GRANTED; the Petitioner's motion for summary judgment, for a hearing, and for counsel are due to be DENIED (doc. 15); and the petition for writ of habeas corpus is due to be DENIED (doc. 1). The court will enter a separate Final JUDGMENT.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Petitioner's claims do not satisfy either standard and will not issue a certificate of appealability.

DONE and ORDERED this 18th day of September, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE