UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM BARRETT SLADE, II, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 5:18-cv-01776-KOB-JHE |
| WARDEN ESTES, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Petitioner William Barrett Slade, II's *pro se* post-judgment filing entitled "Objection to the Respondent's Motion to Alter or Amend the Court's Final Judgment (Doc. 22) Pursuant to Rule 59(e) of Federal Rules of Civil Procedure, (and) Petitioner's Motion to Amend or Reconsider the Court's Final Judgment (Doc. 22) Pursuant to Rule 59(e), of the Federal Rules of Civil Procedure." (Doc. 32). Mr. Slade's motion arises from the denial of his *pro se* 28 U.S.C § 2254 petition and the court's subsequent decision to grant a Federal Rule of Civil Procedure 59(e) motion filed by the state. The grant of the state's Rule 59(e) motion still resulted in the denial of Mr. Slade's § 2254 petition, but on slightly different grounds. Because Mr. Slade has shown no reason for the court to reconsider the denial of his § 2254 petition or the grant of the state's Rule 59(e) motion, the court will deny Mr. Slade's post-judgment motion.

In his amended *pro se* § 2254 petition, Mr. Slade argued that his conviction and sentence for murder should be overturned as invalid because (1) new evidence showed that he was actually innocent, (2) his trial counsel was ineffective, and (3) his sentence was unlawfully imposed. (Doc. 6). After the state filed an answer and Mr. Slade responded, Magistrate Judge England entered a report and recommendation, recommending denying Mr. Slade's § 2254 petition because a claim of freestanding actual innocence does not state a claim for habeas corpus relief and because Mr.

Slade's other two claims were procedurally defaulted. (Doc. 16). Of specific relevance, Judge England stated that Mr. Slade's claim of ineffective assistance of counsel was unexhausted and procedurally defaulted because his *pro se* petition for a writ of *certiorari* in the Alabama Supreme Court did not raise the issue of ineffective assistance of counsel, and it could no longer be raised in state court.

Mr. Slade filed objections to the report and recommendation, arguing in part that the operative state *certiorari* petition was actually one that was filed by his counsel, which did mention his ineffective-assistance-of-counsel claim. (Doc. 19 at 1–2). Mr. Slade pointed out evidence that he had submitted that supported his contention. (Doc. 13 at 29, 30–38). Based on Mr. Slade's representations and a lack of contravening evidence, this court entered an order finding that Mr. Slade's claim of ineffective assistance of counsel was *not* procedurally defaulted, but finding the claim meritless nonetheless. (Doc. 22 at 10). This court otherwise adopted the report and recommendation and denied Mr. Slade's § 2254 petition. (*Id.* at 11–12).

The state then filed a Rule 59(e) motion to alter or amend judgment, arguing that Mr. Slade's objections had been disingenuous. (Doc. 24). The state produced new documentation showing that Mr. Slade's attorney withdrew the attorney-drafted *certiorari* petition, which left Mr. Slade's *pro se* petition as the operative filing. The state asserted that, therefore, Mr. Slade's claim that his counsel was ineffective was procedurally defaulted because he did not raise it before the Alabama Supreme Court. This court granted the state's Rule 59(e) motion based on the new evidence, found that Mr. Slade's claim of ineffective assistance of counsel was procedurally defaulted, and amended the memorandum opinion to adopt the report and recommendation in full. (Doc. 29).

In the post-judgment filing now before the court, Mr. Slade argues that the court should not have granted the state's Rule 59(e) motion because the Alabama Supreme Court said that it would not consider his *pro se* petition for a writ of *certiorari*. (Doc. 32 at 1-3). However, Mr. Slade fails to present any evidence showing that his counsel did not withdraw the counsel-filed petition for a writ of *certiorari* from the Alabama Supreme Court. Moreover, he fails to show that any filing that was not withdrawn raised the issue of ineffective assistance of counsel in front of the Alabama Supreme Court. Therefore, as previously discussed, (*see* doc. 29), Mr. Slade's ineffective assistance of counsel claim is unexhausted and procedurally defaulted. Mr. Slade's opposition to the court's conclusion does not provide a basis for relief.

The remainder of Mr. Slade's motion raises his own Rule 59(e) claims. (Doc. 32). He asserts that the court committed a *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), error by not addressing the specific evidence raised in his actual-innocence claim. He also argues that claims of actual innocence can, in fact, provide a basis for habeas relief, and brings up previously unraised claims of constitutional violations to try to bolster his actual-innocence claim. Mr. Slade requests that the court revisit its order denying habeas relief and "properly evaluate" his claims.

Rule 59(e) "provides no specific grounds for relief, and 'the decision to alter or amend judgment is committed to the sound discretion of the district judge.'" *Taylor v. First N. Am. Nat. Bank*, 331 F. Supp. 2d 1354, 1355 (M.D. Ala. 2004) (quoting *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1238–39 (11th Cir. 1985)). "Only three grounds are available to support the motion: (1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence." *In re Daughtrey*, 896 F.3d 1255, 1280 (11th Cir. 2018) (citation omitted).

Mr. Slade's motion fails to show that the court should reconsider the denial of his § 2254 petition. None of Mr. Slade's arguments point to a manifest error of law or fact or newly discovered evidence. Binding Supreme Court precedent forecloses Mr. Slade's argument that his actual-innocence claim is viable absent an underlying constitutional violation. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been able to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). And while Mr. Slade argues that he has shown constitutional violations to support his actual-innocence claim— namely a due process violation stemming from the state's knowing use of perjured testimony and a Sixth Amendment confrontation clause violation—these are simply new arguments for habeas corpus relief that Mr. Slade failed to raise in his original § 2254 petition. (Doc. 32 at 14, 25). A Rule 59(e) motion cannot be used to "raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Finally, Mr. Slade cannot prevail on his argument that the court committed a *Clisby* error and has not adequately resolved his actual-innocence claim because it did not consider his additional evidence. "A claim for relief . . . is any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. The court addressed Mr. Slade's actual-innocence claim and found that it did not provide a basis for relief. Therefore, the court *has* resolved all claims of constitutional violation that Mr. Slade presented in his petition, including his actual-innocence claim, regardless of whether it has evaluated the merits of his alleged new evidence. Accordingly, Mr. Slade has not shown that he is entitled to relief under Rule 59(e).

Thus, the court **DENIES** Mr. Slade's post-judgment motion.

**DONE** and **ORDERED** this 26th day of November, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE